J-S13011-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
CURTIS MAHAFFEY :
:
          Appellant : No. 695 WDA 2017

Appeal from the PCRA Order February 9, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004685-2003,
CP-02-CR-0017548-2002

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: FILED OCTOBER 3, 2018

Appellant, Curtis Mahaffey, appeals from the order entered in the

Allegheny County Court of Common Pleas, which denied his serial petitions

filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. We

affirm and grant counsel's amended petition to withdraw.

The PCRA court set forth the relevant facts and procedural history of

this case as follows:

> At the above-captioned information, [Appellant] was
> convicted by a jury of Murder in the First Degree and
> Conspiracy. Following the verdict, on November 20, 2003,
> [Appellant] waived a pre-sentence report and was
> immediately sentenced to a mandatory term of life
> imprisonment. On December 18, 2003, [Appellant] filed a
> Notice of Appeal to the Superior Court, docketed at 2279
> WDA 2003; the Superior Court affirmed the judgment of
> sentence on July 20, 2005. [Appellant] then filed a Petition
> for Leave to File a Petition for Allowance of Appeal to the
> Supreme Court of Pennsylvania Nunc Pro Tunc on August

26, 2005. The Supreme Court entered an order denying the petition on October 6, 2005.

On August 29, 2006, [Appellant]...filed a pro se PCRA Petition; [counsel] was appointed to represent [Appellant] in the matter. An Amended PCRA Petition was filed on October 14, 2008; although this [c]ourt filed a Notice of Intent to Dismiss the petition without a hearing, because the petition was time-barred, an evidentiary hearing was held on January 13, 2009, to determine the timeliness of the [petition]. The [c]ourt granted [Appellant] 60 (sixty) days to obtain jail records of other evidence to support his claim that his pro se petition was timely filed. On February 6, 2009, [Appellant] filed a Supplement to Amended Petition for Post-Conviction Collateral Relief, and the Commonwealth was directed to file a response. The [c]ourt then issued an order denying the petition on March 12, 2009.

Before receiving the order, however, [Appellant] filed a Second Supplement to the Amended Petition for Post-Conviction Collateral Relief. In the supplement, he presented two claims of after-discovered evidence. Specifically, he found two additional witnesses who would allegedly provide exculpatory evidence. On March 17, 2009, [Appellant] filed a Motion to Vacate Order. That motion was granted. The [c]ourt then held an evidentiary hearing, at which the two after-discovered witnesses testified. On April 20, 2009, the [c]ourt ultimately denied relief.

[Appellant] subsequently filed an appeal to the Superior Court of Pennsylvania, docketed at 708 WDA 2009; the Superior Court affirmed this [c]ourt's decision by memorandum opinion issued October 12, 2010. [Appellant] then filed another Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on April 26, 2011.

(PCRA Court Opinion, filed October 18, 2017, at 1-2). In 2012, Appellant filed and pursued two more PCRA petitions unsuccessfully. The court dismissed the February 14, 2012 petition, without a hearing, on June 19, 2012. The court dismissed the July 24, 2012 petition, without a hearing, on October 9,

2012. This Court affirmed on July 23, 2013. See Commonwealth v. Mahaffey, 82 A.3d 1076 (Pa.Super. 2013).

On February 29, 2016, Appellant filed his fourth PCRA petition, repeating the issue he had raised in his previous petition and adding new arguments for relief under Montgomery v. Louisiana, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (revised on January 27, 2016). The petition was sent in error to two different judges. The first judge appointed current counsel to represent Appellant. On March 29, 2016, Appellant filed a pro se application for leave to amend his petition, which was sent to the second judge, who was unaware that the first judge had already appointed counsel for Appellant. Counsel was also unaware that Appellant was filing pro se motions, which were being forwarded to the second judge. Although counsel had notified Appellant of counsel's appointment, Appellant continued to file pro se documents without informing counsel, including another PCRA petition on September 15, 2016.

The second jurist eventually assumed the case, and on January 17, 2017, issued notice of its intent to dismiss without a hearing, per Pa.R.Crim.P. 907. Appellant responded on February 2, 2017. By order dated February 9, 2017, the court dismissed the current petitions without a hearing. Appellant timely appealed pro se on March 6, 2017; counsel filed an amended notice of appeal on May 9, 2017. No concise statement of errors complained of on appeal, per PA.R.A.P. 1925(b), was ordered or filed.

Appellate counsel filed with this Court a petition to withdraw representation and a brief, improperly designated as a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the context of a PCRA petition and request to withdraw, however, the appropriate filing is a "no-merit" letter/brief. Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). But see Commonwealth v. Fusselman, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), appeal denied, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept Anders brief in lieu of Turner/Finley letter, where PCRA counsel seeks to withdraw on PCRA appeal).

"Before an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of Turner/Finley." Commonwealth v. Karanicolas, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must...submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed pro se or

with new counsel. Id.

Instantly, counsel filed a Turner/Finley brief on appeal, incorrectly designated as an Anders brief, and a petition to withdraw as counsel. Although counsel's brief has some attributes of an Anders brief, we will treat it as a Turner/Finley brief. Counsel listed the issues Appellant wished to raise and explained why Appellant's claims merit no relief. In counsel's amended petition to withdraw, counsel states that she sent Appellant another copy of the brief, a copy of the amended petition to withdraw, and a corrected letter advising Appellant of his right to proceed immediately pro se or with private counsel to raise additional points he deems worthy of review. Thus, appellate counsel has now substantially complied with the Turner/Finley requirements. See Karanicolas, supra. Accordingly, we proceed to an independent evaluation. See Turner, supra at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous). Appellant has not responded to counsel's petition.

Appellant raises two issues in the Turner/Finley brief:

> DID THE [PCRA] COURT ERR IN DENYING RELIEF UPON FINDING THAT IT LACKED JURISDICTION OVER [APPELLANT]'S FOURTH AND FIFTH PCRA PETITION[S] INSOFAR AS THEY WERE UNTIMELY, AND THE EXCEPTION ENUMERATED IN 42 PA.C.S.A. § 9545(B)(1)(III) DOES NOT APPLY BASED ON MILLER V. ALABAMA[, 567 U.S. 460, 132 S.CT. 2455, 183 L.ED.2D 407 (2012)], AND MONTGOMERY, SUPRA?
>
> DID THE [PCRA] COURT ERR IN DENYING RELIEF UPON

> FINDING THAT IT LACKED JURISDICTION OVER [APPELLANT]'S FOURTH AND FIFTH PCRA PETITIONS INSOFAR AS THEY WERE UNTIMELY, AND THE "NEWLY DISCOVERED FACT" EXCEPTION ENUMERATED IN 42 PA.C.S.A. § 9545(B)(1)(II) DOES NOT APPLY?

(Turner/Finley Brief at 5).[1]

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Hackett, 598 Pa. 350, 956 A.2d 978 (2008), cert. denied, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. Commonwealth v. Robinson, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the petitioner must allege and prove at least one of the three timeliness exceptions. See 42 Pa.C.S.A. §

_____

[1] In his response to the Turner/Finley Brief, Appellant refers us (without any citation) to a non-binding case purportedly from Connecticut as probative and persuasive for the principle that Miller/Montgomery should also apply to offenders who are eighteen years old.

9545(b)(1)(i)-(iii). The petitioner must allege and prove:

>    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
>    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, the Commonwealth charged Appellant with offenses, which Appellant committed on September 27, 2002, when he was twenty-one years old. Following the jury trial verdict, the trial court sentenced Appellant on November 20, 2003, to a mandatory term of life imprisonment without parole. Appellant appealed on December 18, 2003; this Court affirmed the judgment of sentence on July 20, 2005. See Commonwealth v. Mahaffey, 883 A.2d

690 (Pa.Super. 2005) (unpublished memorandum). On or about August 26, 2005, Appellant filed a petition for leave to file for allowance of appeal nunc pro tunc with our Supreme Court. The Supreme Court entered an order denying the petition on October 6, 2005. Because Appellant failed to file a timely petition for allowance of appeal, and the Supreme Court denied his request to file it nunc pro tunc, the judgment of sentence became final on or about August 19, 2005, upon expiration of the 30-day period to file a timely petition for allowance of appeal. See Pa.R.A.P. 1113 (stating: "Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed"); Commonwealth v. Hutchins, 760 A.2d 50 (Pa.Super. 2000) (holding date that Supreme Court denies untimely petition for allowance of appeal does not alter date judgment of sentence becomes final for purposes of time restrictions of PCRA). Thus, Appellant had until Monday, August 21, 2006, to file a timely PCRA petition. Appellant filed his current fourth pro se petition on February 29, 2016, and his fifth pro se petition on September 15, 2016 (after counsel had been appointed to assist Appellant with his fourth petition), both of which are patently untimely by about ten years.

In his fourth pro se petition, Appellant appears to claim entitlement to PCRA relief per Montgomery, supra. In his fifth pro se petition (which seems from the record to be Appellant's pro se effort to amend his fourth pro se

- 8 -

petition), Appellant claimed trial counsel was ineffective for failing to call an alibi witness. Following our independent review of the record, we agree with PCRA counsel that neither claim satisfies a statutory exception to the PCRA time requirements because: (1) Appellant was over 18 years old at the time of the offenses (he was 21 years old), Montgomery has not been extended to individuals of Appellant's age at the time of his offenses, so Appellant cannot use Montgomery to satisfy the "new constitutional right" exception at 42 Pa.C.S.A. § 9545(b)(1)(iii);[2] and (2) the "new facts" exception at 42 Pa.C.S.A. § 9545(b)(1)(ii) does not apply to Appellant's claim regarding the proposed alibi witness, where Appellant knew the identity of the alibi witness at the time of trial, filed a notice of alibi defense naming Ms. Traylon Johnson as his alibi witness, and already pursued this claim without success in his 2006 PCRA petition. Moreover, this kind of ineffective assistance of counsel claim does not qualify as a "new fact" to excuse a late PCRA petition. See Gamboa-Taylor, supra (defining general class of ineffective assistance of counsel claims that does not serve as exception to PCRA timeliness requirements). Thus, Appellant cannot sustain either the statutory "new constitutional right" exception or the "new facts" exception to the PCRA timeliness requirements;

_____

[2] See, e.g., Commonwealth v. Furgess, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under Montgomery on collateral review; rejecting "technical juvenile" argument).

and his petitions remain time-barred.  Accordingly, we affirm[3] and grant counsel's amended petition to withdraw.

Order affirmed; counsel's amended petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2018

_____

[3] Due to our disposition, we now deny as moot all of Appellant's remaining open motions.